# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN CUBILLOS,<br><br>            Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>            Defendant.<br>_____/ | Case No. 1:21-cv-00465-SKO<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>(Doc. 32) |

On June 20, 2023, after entry of the parties' Stipulation and Order for Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and Entry of Judgment for Plaintiff (*see* Docs. 30 & 31), Plaintiff filed a motion for an award of attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $4,685.93. (*See* Doc. 32 at 4 (seeking an award of $4,685.93 in total fees (20.1 hours in attorney time).) On June 21, 2023, the Court ordered Defendant's opposition, if any, to be filed in accordance with Local Rule 230(c) & (d). (Doc. 33.) No opposition has been filed (*see* Docket), and the motion is deemed unopposed. For the reasons set forth below, Plaintiff's application for EAJA fees is GRANTED.

## I. BACKGROUND

Plaintiff filed this action on March 19, 2021, seeking judicial review of a final administrative decision denying his application for Social Security disability benefits. (Doc. 1.) On March 16, 2023, the parties filed a Stipulation for Voluntary Remand Pursuant to Sentence Four of 42 U.S.C.

§ 405(g) and Entry of Judgment (the "Stipulation for Remand"), which provided that, "[o]n remand, the Commissioner will further develop the record as necessary, and issue a new decision." (Doc. 29 at 1.) On March 20, 2023, the Court entered an Order remanding the action to the Commissioner of Social Security "for further proceedings consistent with the terms of the Stipulation for Remand" (the "Order of Remand"). (Doc. 30.)

On June 20, 2023, Plaintiff filed a motion for EAJA fees, seeking a total award of $4,685.93. (*See* Doc. 32 at 4 (seeking an award of $4,685.93 in total fees (20.1 hours in attorney time).)  No opposition was filed. (*See* Docket.) It is Plaintiff's motion for attorney fees under the EAJA that is currently pending before the Court.

## II.   LEGAL STANDARD

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff"). "An applicant for

disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." *Gutierrez*, 274 F.3d at 1257.

### III.   ANALYSIS

There is no dispute that Plaintiff is the prevailing party in this litigation. The Court finds Plaintiff did not unduly delay this litigation, and Plaintiff's net worth did not exceed two million dollars when this action was filed. The Court further finds, in view of the Acting Commissioner's assent to the Order of Remand, that the position of the government was not substantially justified. *See Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (finding no substantial justification where the parties stipulated to a remand of the action to the Commissioner for a new hearing) (citing *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (position of the government "includes both the government's litigation position and the underlying agency action giving rise to the civil action.")); *Armstrong v. Astrue*, No. CIV S-07-1456 DAD, 2008 WL 2705023, at *2 (E.D. Cal. July 9, 2008).

Plaintiff seeks a total award of $4,685.93, comprised of 20.1 hours in attorney time. (Doc. 32 at 4.) The Acting Commissioner has not opposed this request. (*See* Docket.) The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). By statute, hourly rates for attorney fees under EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living.[1] 28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1147–49 (9th Cir. 2001); *Atkins*, 154 F.3d at 987. Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d at 988 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id*. at 989.

---

[1] In accordance with the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), the Ninth Circuit maintains a list of the statutory maximum hourly rates authorized under the EAJA, as adjusted annually to incorporate increases in the cost of living. The rates are found on that court's website: https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates. Plaintiff requests an hourly rate of $217.54 for attorney work performed in 2021 and an hourly rate of $234.95 for attorney work performed in 2023. (*See* Doc. 32-2.) These rates are consistent with the statutory maximum rates as set forth by the Ninth Circuit.

Here, Plaintiff's attorney obtained an order remanding the action for further administrative action, which is a good outcome for Plaintiff. (*See* Docs. 29 & 30.) There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel, as counsel secured a successful result for Plaintiff. There is also no evidence that Plaintiff's counsel engaged in any dilatory conduct resulting in delay.

After reviewing counsel's declaration (*see* Doc. 32 at 3–6), the Court finds the claimed total of 20.1 attorney hours represents a reasonable amount of time for an attorney to expend on this particular matter. *See, e.g., Vallejo v. Astrue*, No. 2:09–cv–3088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011) (declining to "conduct a line-by-line analysis" of billing entries to determine all 62.6 hours of attorney time spent on the litigation were justified). The Court also finds that the claimed attorney hours are well within the limit of what would be considered a reasonable amount of time spent on this action when compared to the time devoted to similar tasks by counsel in similar Social Security appeals before this Court. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases") (citing *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting district court cases)); *see, e.g., Thompson v. Colvin*, No. 2:12–cv–01850–AC, 2015 WL 1767733, at *2 (E.D. Cal. Apr. 17, 2015) (finding 63.4 hours to be reasonable); *Boulanger v. Astrue*, No. CIV S–07–0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Valleyjo v. Astrue*, No. 2:09–cv–03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be reasonable).

Plaintiff will be awarded EAJA fees for 20.1 total attorney hours for time spent on the litigation, for a total EAJA award in the amount of $4,685.93.[2]

---

[2] Plaintiff requests that the fees awarded be made payable to and sent to the law offices of Plaintiff's attorney. (*See* Doc. 32 at 4.) Courts in this district routinely order payment directly to counsel so long as the plaintiff does not have a debt that is subject to offset and he assigned his right to EAJA fees to counsel. *See Young v. Berryhill*, No. 2:14–cv–2585–EFB, 2017 WL 4387315, at *3 (E.D. Cal. Oct. 3, 2017) (collecting cases). Here, Plaintiff assigned his right to EAJA fees to his attorney. (*See* Doc. 32-1 at 1.) Accordingly, should Plaintiff not have a debt that is subject to offset, the award of fees may be paid directly to counsel.

## IV.  CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's motion for EAJA fees is GRANTED in the amount of $4,685.93.

IT IS SO ORDERED.

Dated:   **July 12, 2023**                    /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE